(110 So. 798)

### KELLY v. STATE. (1 Div. 683.)

(Court of Appeals of Alabama. Dec. 14, 1926.)

1. Criminal law ⊜878(3)—Conviction for manufacture of whisky operated as acquittal, under count charging possessing still.

Verdict convicting defendant of manufacture of whisky effected acquittal, under count charging unlawful possession of still.

2. Intoxicating liquors ⊜168—Whether defendant actually mixed ingredients or only procured it to be done, he was guilty of manufacture of whisky.

Where there was evidence to warrant jury in finding that defendant was in possession of several barrels of beer containing alcohol, at a still, he was guilty of manufacture of whisky, whether he mixed ingredients or procured it to be done.

3. Intoxicating liquors ⊜238(1)—Evidence, in prosecution for manufacture of whisky and unlawfully possessing still, held sufficient for jury.

In prosecution for manufacture of whisky and unlawfully possessing still, evidence held sufficient to go to jury.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Rich Kelly was convicted of the manufacture of whisky, and he appeals. Affirmed.

Gordon & Edington, of Mobile, for appellant

Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. [1-3] The indictment was in two counts. The first charged the manufacture of whisky, and the second of unlawfully possessing a still. The defendant requested the general charge as to each count. There was verdict convicting defendant under the first count, which, under the many rulings of this court, effects an acquital under the second count. As to the first count, it appears that several barrels of beer containing alcohol were at a still, under such circumstances as would authorize a jury to find that defendant was in possession of it and that he was the owner. Somebody made it. Did he, the defendant, actually mix the ingredients, or did he procure it to be done? In either event, he would be guilty of the manufacture.

The general charge, as requested, was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.